**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP WAMBUGU,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 26-CV-1856** |
| | : | |
| **TERESA JONES, *et al.*,** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                    MAY 21, 2026

Philip Wambugu initiated this civil action by filing a *pro se* Complaint naming as Defendants Teresa Jones and the United States Citizenship and Immigration Services ("USCIS"). (ECF No. 2.)  Wambugu has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 1) and a Motion *In Limine* pertaining to his Pennsylvania state court divorce proceedings (ECF No. 3).  For the reasons set forth, the Court will grant Wambugu leave to proceed *in forma pauperis*, dismiss his Complaint, and deny the Motion *In Limine* without prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

Wambugu's Complaint arises from two seemingly unrelated sets of events.  First, he asserts that on an unspecified date he submitted a Form I-864 to USCIS in support of a family member's immigration petition, and that USCIS has failed to adjudicate the form or the related immigration petitions.  (Compl. ¶¶ 9-11.)  He contends the delay violates the Administrative Procedure Act ("APA") and asks the Court to issue a writ of mandamus under 28 U.S.C. § 1361 compelling the

---

[1]      The factual allegations set forth in this Memorandum are taken from Wambugu's Complaint (ECF No. 2).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

agency to act.  (*Id*. ¶¶ 19-20.)  He also seeks declaratory relief,[2] costs, and attorney's fees on the claim.  (*Id*. at 6.)

Second, Wambugu asserts Pennsylvania state law claims of fraudulent misrepresentation and perjury against his ex-wife Teresa Jones, arising from divorce proceedings in Potter County, Pennsylvania.  (*Id*. ¶ 2, 21-22).  Specifically, he asserts that in the divorce proceedings, Jones "falsely represented her financial situation and the circumstances of the separation" including providing false information about a retirement account.  (*Id*. ¶¶ 14-17.)  Wambugu contends that Jones committed perjury and caused him financial harm.  (*Id*. ¶ 18.)  Wambugu seeks compensatory and punitive damages from Jones.  (*Id*. at 6.)

## II.    STANDARD OF REVIEW

The Court grants Wambugu leave to proceed *in forma pauperis* because it appears that he cannot afford to pay the filing fee.  When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the Complaint fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the

---

[2]    Declaratory relief is unavailable to adjudicate past conduct, so Wambugu's request for this declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another."  *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the Plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Further, the Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contains a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.    DISCUSSION

#### A.    Claims Against USCIS

Wambugu appears to assert a claim under the APA based on the delay in adjudicating an unspecified immigration petition filed by, or on behalf of, his relative Gathuri Wambugu.  (Compl. ¶¶ 1, 9.)  He seeks relief under the Mandamus Act, 28 U.S.C. § 1361.  Courts may issue writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  A writ of "'mandamus is a drastic one, to be invoked only in extraordinary situations.'"  *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (characterizing a writ of mandamus as "one of the most potent weapons in the judicial arsenal" (quotation marks omitted)).  Moreover, a writ of mandamus "'is intended to provide a remedy for a plaintiff only if [s]he has exhausted all other avenues of relief.'"  *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Similarly, under Section 706(1) of the APA, federal courts "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1); *see also id.* § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it.").  However, "[a]n agency's failure to act[ ] . . . is not always remediable."  *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *3 (D.N.J. Mar. 4, 2024) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).  The United States Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*"  *Norton*, 542 U.S. at 64 (2004).  Thus, "[Section] 706(1) grants judicial review only if a federal agency has a 'ministerial or nondiscretionary' duty amounting to a 'specific, unequivocal

command.'"  *Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 670 (D.C. Cir. 2016) (quoting *Norton*, 542 U.S. at 63-64).  Further, a court may compel a nondiscretionary action only "when the agency is compelled by law to act *within a certain time period.*"  *Azam*, 2024 WL 912516, at *7 (emphasis added) (quoting *Kale v. Mayorkas*, No. 21-8095, 2021 WL 2652124, at *4 (D.N.J. June 28, 2021)); *see also Qiu v. Chertoff*, 486 F. Supp. 2d 412, 421 (D.N.J. 2007) (dismissing APA claim because there was "no statutory or regulatory provision compelling adjudication within a certain time period").

Even read liberally, Wambugu's claim seeking mandamus relief does not comply with Rule 8.  He fails to allege basic facts underlying his claim, including what kind of petition was filed, when it was filed, who filed it, or the nature of his relation to Gathuri Wambugu.  Because the claims are unclear and the facts are underdeveloped, Wambugu fails to provide fair notice of the grounds upon which the claims against USCIS rest, as required by Rule 8.  *See Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("The District Court did not abuse its discretion when it dismissed Gowan's [sic] second amended complaint under Rule 8, as it was so vague that it did not provide 'notice of what the claim is and the grounds upon which it rests.'") (quoting *Garrett*, 938 F.3d at 92); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  The Court will, however, grant Wambugu leave to amend if he can allege additional details regarding his claim that plausibly allege a basis for relief under the standards set forth above.

**B.    Claims Against Jones**

Wambugu also asserts Pennsylvania state law claims of perjury and fraudulent misrepresentation against his ex-wife Teresa Jones, arising from a divorce proceeding in Potter County, Pa.  (Compl. ¶¶ 2, 21-22.)  Neither claim is plausible.

Wambugu's perjury claim is not plausible because there is no such private cause of action in Pennsylvania law.  See *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 418-19 (E.D. Pa. 2014) (Pennsylvania law . . . does not recognize a private cause of action for perjury[.]") (collecting cases), *aff'd,* 625 F. App'x 594 (3d Cir. 2016).  His fraudulent misrepresentation claim is also not plausible.   The elements of such a claim under Pennsylvania law are: (1) a representation; (2) which is material to  the transaction at hand;  (3) made falsely,  with  knowledge  of  its  falsity or recklessness as  to  whether it is true or false; (4) with  the  intent  of  misleading  another  into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury.  *Boyd v. Rockwood Area Sch. Dist.*, 907 A.2d 1157, 1170 (Pa. Commw. Ct. 2006).  Wambugu alleges that in the Potter County divorce proceedings, Jones "falsely represented her financial situation and the circumstances of the separation."  (Compl. 16.)  He alleges that she also "falsified information regarding a retirement account, specifically a Devereux Defined Contribution Retirement Plan with an estimated loan amount of $35,000.00, which was used as a basis for economic claims in the divorce."  (*Id*. ¶ 17.)  Wambugu contends that "[Jones's] fraudulent misrepresentations . . . have caused [him] significant financial and emotional harm."  (*Id*. ¶ 18.)  Wambugu's factual allegations in support of his fraudulent misrepresentation claim are vague and conclusory, and do not comply with Rule 8.  He does not explain in what way Jones's representations regarding her finances or her retirement account were false or fraudulent.  Nor does he specify how he was

6

harmed by these allegedly false statements.[3]  His statements fail to put Jones on notice of the basis for his claim against her and they will therefore be dismissed.  *See Gowans,* 2025 WL 2848907, at *1.  However, the Court will grant Wambugu an opportunity to amend his claim if he can allege additional facts to meet the legal standard set forth above.

## IV.    CONCLUSION

The Court will grant Wambugu's motion for leave to proceed *in forma pauperis* and will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His state-law perjury claim will be dismissed with prejudice.  The remaining claims will be dismissed without prejudice.  Cognizant of Wambugu's *pro se* status, the Court will grant him an opportunity to flesh out his surviving claims by explaining in an amended complaint the "'who, what, where, when and why' of [his] claim[s]."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).  The Motion *in Limine* will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate Order containing additional information about amendment follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

[3]      Moreover, to the extent that Wambugu's fraudulent misrepresentation claim is based on statements Jones made in the divorce proceeding, those claims are likely barred by the litigation privilege. *See Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015) ("Pennsylvania, like many other jurisdictions, recognizes a judicial [litigation] privilege providing immunity for communications which are made in the regular course of judicial proceedings and are material to the relief sought.").  "[T]he privilege is absolute, meaning that, where it attaches, the declarant's intent is immaterial even if the statement is false and made with malice." *Id*. at 947 (citing *Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004)).  The judicial privilege is not limited to statements made in open court but encompasses pleadings as well. *Post v. Mendel*, 507 A.2d 351, 353 (Pa. 1986); *see also Stein v. City of Philadelphia*, 2013 WL 6408384, at *6 (E.D. Pa. Dec. 5, 2013) ("Parties in litigation are given an absolute privilege with regard to statements that relate to a judicial proceeding if the communications are preliminary to, instituting, or part of the proceeding.")